IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joe Nathan Louis, #842134, | ) | C/A No.: 1:16-1592-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| King County Prosecutor's Office, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Joe Nathan Louis ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint alleging he is being unlawfully imprisoned in a public mental health facility in Washington. [ECF No. 1 at 1]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge transfer this case to the United States District Court for the Western District of Washington.

I.      Factual and Procedural Background

Plaintiff states he is a patient in a Washington State public mental health facility. [ECF No. 1]. He claims he is "being cruelly unlawfully imprisoned by the State of Washington, Washington State Department of Correction and or the Federal Government of Washington State."[1] *Id.* Plaintiff seeks immediate release. *Id.*

_____

[1] Although the defendant in this case is King County Prosecutor's Office ("Defendant"), Plaintiff alleges no cause of action against Defendant. *See* ECF No. 1. He alleges he filed a complaint with Defendant and the prosecutor had a duty to investigate his complaint. *Id.* However, he does not allege that the prosecutor breached the duty.

II.     Discussion

A.      Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently

2

Case 2:16-cv-00994-JLR  Document 6  Filed 05/23/16  Page 3 of 5

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

Plaintiff alleges the state of Washington, the Washington State Department of Corrections, and the federal government of the state of Washington are unlawfully imprisoning him in a mental health hospital located in the state of Washington. [ECF No. 1].    Pursuant to 28 U.S.C. § 1391, a civil action may be brought in the following: (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. If a case is filed in the wrong venue, a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses" and "in the interest of justice." *See* 28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1406(a) (authorizing district courts to transfer cases brought in the wrong venue to any district or division in which they could have been brought "if it be in the interest of justice"). A court need not have personal jurisdiction over a defendant to transfer a case pursuant to 28 U.S.C. §§ 1404(a) or 1406(a), *see Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962); *O'Neal v. Hicks Brokerage Co.*, 537 F.2d 1266, 1268 (4th Cir. 1976), and questions regarding transfer are committed to the

3

sound discretion of the district court. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991).

      Plaintiff names no defendants who reside in South Carolina and alleges no events or omissions that gave rise to his claim occurred in this district. Therefore, venue under 28 U.S.C. § 1391 is not appropriate in the District of South Carolina.

      Defendant is a resident of the state of Washington for purposes of venue,[2] and Plaintiff alleges that the actions giving rise to his claim occurred in the state of Washington. Because Plaintiff alleges he is hospitalized in Monroe, Washington, the appropriate venue in this case appears to be the United States District Court for the Western District of Washington. [ECF No. 1]. The convenience of the parties and interests of justice may be better served by a transfer of venue. *See* 28 U.S.C. §§ 1404(a), 1406(a).

III.    Conclusion and Recommendation

      For the foregoing reasons, the undersigned recommends that this case be transferred to the United States District Court for the Western District of Washington.

      IT IS SO RECOMMENDED.

*Shiva V. Hodges*

May 23, 2016                 Shiva V. Hodges
Columbia, South Carolina         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[2] For the purposes of venue, a defendant entity shall be deemed to reside in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(2).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).